Shaw C. J.
drew up the opinion of the Court. After a decision of this cause in favor of the defendants, upon their taxation of costs a question arose which was submitted to the consideration of the Court for their decision.
It appeared by the record, that at a former term, the plaintiff had moved for a new trial, which was ordered by the Court, on the terms of paying to the defendants certain taxable costs, which were taxed and paid. The defendants having again succeeded in their defence, in taxing their costs as the prevailing party, tax the same travel, attendance and other costs, which had before been taxed and paid on the allowance of the new trial.
On the part of the plaintiff it was objected to, and he insisted, that costs are given by statute by way of indemnity, for travel, attendance and disbursements, and if these charges are paid once, in the progress of a suit, by any interlocutory order, to that extent such party is already indemnified, and at the termination of the suit, to the extent of the costs thus paid, he is not damnified. On the other side it was contended, that although the allowance is in the form of taxable costs, yet it is, in effect, an allowance of a gross sum, to him against whom the order for a new trial was made, as an indemnity for the costs and inconvenience, to which he is subjected by the allowance of further proceedings, and that it cannot affect the general right of the prevailing party to tax his costs, at the termination of the suit.
We are not aware that there is any decision upon this point, and upon inquiry we think there has not been an entire uniformity of practice, in all the counties of the Commonwealth, and that it is a question of frequent recurrence, which deserves the deliberate consideration of the Court. The Court are of opinion that the intent of the statute (of 1784, c. 28, § 9,) *244 (Rev. Stat. c. 121, § 1,) in giving costs to the prevailing party, is to allow a reasonable indemnity for his trouble and expenses, which is ascertained by the fee-bill ; and although the taxable costs thus fixed, may be, and often are an inadequate indemnity, yet they are such as on the whole the law' regards as a sufficient indemnity. When therefore, by an interlocutory order, a party is allowed his costs, in that form, as costs, and these are taxed and paid, he has to that extent actually received the indemnity intended to be given to him for the trouble and expense to which he has thus far been put by the other party, and therefore, if he is ultimately the prevailing party, under.the general provision of law, allowing costs, he is not again entitled to tax the same costs. This decision is not to affect a case where the Court, under its general authority to regulate proceedings, may at the time of allowance of an amendment, new trial or other proceeding, make any specific order in regard to the allowance of costs. The Court therefore may upon the allowance of a motion direct, that costs generally or particular costs shall be paid, and that the same may or may not affect the right of the party afterwards to take them into consideration, in the taxation of costs at the termination of the suit, as the circumstances of the case may require. " But where the particular order, allowing the motion on payment of costs, is silent upon the subject, the conclusion of law is, that they are paid as costs, and by way of indemnity pro tanto, and cannot again be taxed as part of the full costs, allowed to the prevailing party, as a more general indemnity. The taxation of the defendants is to be corrected accordingly.
S. D. Parker, for the 'defendants.
Rand, for the plaintiff.